UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CREATIVE PACKAGING COMPANY,           )
                                      )
        Plaintiff,                    )        Civil No. 3:21-cv-00015-GFVT-EBA
                                      )
v.                                    )
                                      )        **MEMORANDUM OPINION**
SECURA INSURANCE,                     )                  **&**
                                      )              **ORDER**
        Defendant.                    )
                                      )

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

On April 25, 2015, a severe hailstorm struck the property of Plaintiff Creative Packaging Company and damaged the roof, HVAC coils, and other exterior components of the building. On the day the storm hit, Creative Packaging's property was covered by an insurance policy issued by Defendant Secura Insurance that only permitted legal action to be brought against Secura Insurance within two years of the date on which physical damage occurred. Creative Packaging did not discover the damage until 2020 and did not bring suit until February 2021, nearly six years after the storm damage occurred.

The question before the Court is whether the terms of KRS § 304.14-370 permit Creative Packaging to bring a breach of contract claim in this matter. The Sixth Circuit has already addressed this question in the negative, and this Court will do the same. Specifically before the Court are the parties' cross-motions for summary judgment. [R. 20; R. 21.] For the reasons set forth below, Plaintiff Creative Package Company's Motion for Partial Summary Judgment will be DENIED and Defendant Secura Insurance's Motion for Summary Judgment will be GRANTED IN PART.

**I**

Plaintiff Creative Packaging purchased a Commercial Multi-Peril Insurance Policy for its commercial property in Shelbyville, Kentucky, from Defendant Secura Insurance, a foreign insurer.[1]  [R. 11 at 2.]  The policy covered the property from August 21, 2014, to August 21, 2015, and provided insurance coverage "for all direct physical loss of or damage to covered property within the policy period."  *Id.* at 3.  The insurance policy contained the following provision:

> LEGAL ACTION AGAINST US
> No one may bring a legal action against us under this Coverage Part unless:
> 1.  There has been full compliance with all of the terms of this Coverage Part; and
> 2.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

[R. 11-1 at 39; 11-2 at 1.]

On April 25, 2015, a severe hailstorm struck Creative Packaging's property and "caus[ed] substantial damage" that included "damage to the roof, HVAC coils, other exterior components, etc."  *Id.*  Creative Packaging discovered the damage and "promptly reported" it to Secura on May 11, 2020.  *Id.*  On June 15, 2020, Secura issued a denial letter to Creative Packaging, stating that the claim was being denied because "the date of loss is outside the reporting period."  [R. 11-2.]  Creative Packaging filed suit in Shelby Circuit Court on February 24, 2021, and the matter was removed to this Court on March 25, 2021.  [R. 1.]

On April 6, the Court granted the parties' Agreed Order of Bifurcation and bifurcated Creative Packaging's claims for bad faith, violation of the Unfair Claims Settlement Practices Act, violation of KRS 304.12-235, and violation of the Consumer Protection Act from the

---

[1] Secura Insurance is founded and headquartered in Wisconsin, though it does business in the Commonwealth of Kentucky.  "A 'foreign' insurer is one formed under the laws of any state, other than this state." KRS 304.1–070(2).

underlying breach of contract claim and stayed discovery on the bifurcated claims.  [R. 7 at 2; *see also* R. 18.]  On August 31, 2021, the parties filed cross-motions for summary judgment, and the parties filed their responses on September 21 and replies on October 5.  [R. 20; R. 21; R. 22; R. 23; R. 24; R. 25.]

## II

### A

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).  "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'"  *Olinger v. Corp. of the Pres. Of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  The moving party bears the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact.  *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).  The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case."  *Celotex Corp.*, 477 U.S. at 325.  Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute.  *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court then must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir.

1989) (quoting *Anderson*, 477 U.S. at 251–52). In making this determination, the Court must

review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v.

Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

**B**

Creative Packaging has moved for partial summary judgment, arguing that under KRS §

304.14-370, this action was timely filed. KRS § 304.14-370 provides:

> No conditions, stipulations or agreements in a contract of insurance shall deprive
> the courts of this state of jurisdiction of actions against foreign insurers, or limit
> the time for commencing actions against such insurers to a period of less than one
> (1) year from the time when the cause of action accrues.

The parties do not dispute that Secura Insurance is a foreign insurer. Creative Packaging argues

that "for the purposes of 'accrual,' a breach of contract could not have occurred until Secura

denied the claim," which was June 15, 2020. [R. 20-1 at 7.] Because the claim was brought in

February 2021, Creative Packaging argues the claim is permitted under Kentucky law.

Furthermore, Creative Packaging argues that *Smith v. Allstate Ins. Co.*, 403 F.3d 401 (6th Cir.

2005), does not apply to the facts of this case and has been criticized in subsequent state court

and federal court opinions. [R. 20-1 at 9–14.]

Secura Insurance moves for summary judgment on the basis that Creative Packaging's

claim is barred by the insurance policy's plain language requiring action to be brought "within 2

years after the date on which the direct physical loss or damage occurred." [R. 21-2 at 8.] Here,

Creative Packaging did not bring the action until nearly six years after the date on which the

damage occurred. *Id.* Secura Insurance avers that KRS § 304.14-370 does not change the

outcome in this case, particularly given the holding in *Smith v. Allstate Ins. Co. Id.* at 8. Secura

Insurance also argues that enforcement of policy's limitation "comports with Kentucky law and

4

public policy regarding the temporal limitation of lawsuits." *Id.* at 13. Finally, Secura Insurance argues that summary judgment on the breach of contract issue "necessitates summary judgment as to the remaining bad faith claims" because the claims are "derivative of, and contingent upon, Creative Packaging's breach of contract claim." *Id.* at 21.

**1**

Because this is a diversity case involving an insurance policy issued in Kentucky to a Kentucky corporation, the Court will apply Kentucky law. *Liberty Mut. Fire Ins. Co. v. Kay & Kay Cont., LLC*, 545 F. App'x 488, 490–91 (6th Cir. 2013). Under Kentucky law, interpreting an insurance contract is generally a matter of law for the court. *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. App. 2000) (citing *Morganfield Nat'l Bank v. Damien Elder & Sons*, 836 S.W.3d 893 (Ky. 1992)). "Foremost in interpreting an insurance contract we are bound by the specific language of the contract before us." *Foreman v. Auto Club Property-Casualty Ins. Co.*, 617 S.W.3d 345, 349 (Ky. 2021) (citing *Nationwide Mut. Ins Co. v. Hatfield*, 122 S.W.3d 36 (Ky. 2003)). Furthermore, "when the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced as written," though "[a]mbiguous terms and the language of exclusions are strictly construed against the insurer so as not to defeat the policyholder's reasonable expectation of coverage." *Id.* at 349–50.

From a public policy perspective, "Kentucky has a policy favoring the shortening of the limitations period." *Barjuca v. State Farm Fire and Cas. Co.*, 2013 WL 6631999, at *5 (citing *Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17, 18 (Ky. App. 1978)). "Kentucky law has long recognized the validity of insurance contract provisions requiring as a condition to sue that the action must be commenced within the time specified by the policy." *Wooton v. Ky. Farm Bureau Mut. Ins. Co.*, 2015 WL 860752, at *2 (Ky. App. Feb. 27, 2015) (quoting

5

*Edmondson v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 781 S.W.2d 753, 756 (Ky. 1989) (internal quotation marks omitted).

Here, the terms of the policy are clear.  The policy unambiguously provides that an action "must be brought within 2 years after the date on which the direct physical loss or damage occurred" and action was not brought for nearly six years.  [R. 1; R. 11-1 at 39.]  Creative Packaging, however, argues that the limitations provided by KRS § 304.14-370 control here. The statute provides that "[n]o conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when *the cause of action accrues*."  KRS § 304.14-370 (emphasis added).  Creative Packaging argues that the action did not accrue until Secura denied the claim on June 15, 2020. [R. 20-1 at 7.]  However, the Sixth Circuit has considered and rejected this very argument.

In *Smith v. Allstate Ins. Co.*, the Plaintiffs purchased insurance policies from Allstate covering their home and adjacent rental property.  403 F.3d 401 at 402–03 (6th Cir. 2005).  The policy contained the following provision: "No suit or action may be brought against [Allstate] unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage."  *Id.* at 403.  The Smiths' properties were damaged by a fire on April 17, 2000, and the Smiths did not sue Allstate until January of 2002. *Id.* at 404.  The district court found the one-year limitations provision to be valid and granted summary judgment to Allstate, and the Sixth Circuit affirmed.  *Id.*  The Court specifically addressed the one-year contract provision in conjunction with KRS § 304.14-370 and concluded that "the limitations provision requiring the Smiths to sue Allstate within one year of their loss…is not inconsistent with Ky.Rev.Stat. § 304.14–370" because "[u]nder Kentucky law, it

appears, a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id.* at 405. *Smith* ultimately held that contract provisions "limiting the time within which an insured may sue are generally valid under Kentucky law." *Id.* at 404 (citing *Edmondson*, 781 S.W.3d at 756; *Webb*, 577 S.W.2d at 18–19).

Here, like in *Smith*, the contract contained an unambiguous provision establishing a limitation period for claims under the insurance policy. The period in this case was two years, which was double the time period provided in the contract in *Smith*. It is undisputed that Creative Packaging did not file suit until nearly six years after the damage occurred. Therefore, the Court find that Creative Packaging's breach of contract claim was filed "beyond the reasonable two-year contractual limitations period, and therefore Plaintiff's breach of contract claim is dismissed." *Miller v. Seneca Specialty Ins. Co., Inc.*, 2019 WL 3431588, at *3 (W.D. Ky. July 29, 2019).

To the extent Creative Packaging argues that this Court should not rely on *Smith* because other courts have criticized the *Smith* opinion, *Smith* "remains good law and is therefore binding on this Court." *Estate of Mattingly v. State Auto Property & Casualty Ins. Co.*, 2022 WL 759536, at *3 (W.D. Ky. Mar. 11, 2022); *Howard v. Auto-Owners Ins. Co.*, 480 F. Supp. 3d 764, 769 (W.D. Ky. 2020) ("*Smith* remains good law in the Sixth Circuit, and this Court is bound by it"); *Willowbrook Investments, LLC v. Maryland Casualty Co.*, 325 F. Supp. 3d 813, 818 (W.D. Ky. 2018) ("*Smith*…remains good law and is therefore binding upon this Court"); *Price v. AgriLogic Ins. Servs, LLC*, 37 F. Supp. 3d 885, 894 (E.D. Ky. 2014) ("the *Smith* opinion…remains good law within the Sixth Circuit").[2] Furthermore, Creative Packaging's

_____

[2] Only one Kentucky state court opinion, *Hensley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 3973115 (Ky. App. Aug. 15, 2014), has cited critically to *Smith* (or, in fact, cited to *Smith* at all), and that opinion was subsequently vacated on other grounds by the Kentucky Supreme Court.

argument that *Smith* does not apply because it involved a fire damage insurance claim and this case involves a hail damage insurance claim is without merit.  [*See* R. 20-1 at 7; R. 23 at 2.] District courts have relied on *Smith* in a wide range of Kentucky insurance dispute cases, including in the hail damage context.  *E.g.*, *Estate of Mattingly*, 2022 WL 759536, at *3 (applying *Smith* to an insurance claim involving damage from a hailstorm).[3]

The Court in *Smith* did add that a limitation provision "may nonetheless be unenforceable if it did not allow the [plaintiffs] a reasonable time to sue."  *Smith*, 403 F.3d at 406.  The focus here "must be on the period beginning when [Creative Packaging] could reasonably have been expected to complete their compliance with all policy terms and ending" two years after the hailstorm.  *Id.*  Here, citing to *Howard*, 480 F. Supp. 3d 764, Creative Packaging argues that because they were unaware of the hail damage, they "could not have possibly sued Secura without first knowing it had a cause of action."  [R. 23 at 17.]

Creative Packaging's argument is not persuasive.  While Creative Packaging argues that they "reported the Loss on May 11, 2020, as promptly as possible upon discovery," this discovery was not made until more than five years after the hailstorm event.  Creative Packaging characterizes the storm as "a severe storm event" that included "damaging hail."  [R. 20-1 at 3.] And yet, curiously, despite this characterization of the storm that hit the property, the record is devoid of evidence that Creative Packaging made any attempts to inspect their property for damage until more than three years after the time period for suit provided in the contract had expired.  It is common knowledge that a hailstorm can damage property, and the damage would

---

[3] On March 11, 2022, Creative Packaging filed a "Notice of Supplemental Authority" to make the Court aware of the *Mattingly* opinion and attached the *Mattingly* opinion to the notice.  [R. 26.]  Four days later, Secura Insurance filed a Motion to Strike and objected "to the Court considering this supplemental authority in rendering its Opinion in this case."  [R. 27 at 3.]  However, motions to strike are disfavored and are rarely granted.  *Operating Eng'rs Local 324 Heath Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015).  Furthermore, the Court is of course free to consider the opinions of other courts in rendering its own decision, whether they are binding on the Court or not.  Accordingly, the motion will be denied.

have been discoverable by having someone check the roof after the storm. *Cf. Wooton*, WL 860752, at *1 ("The damage to her mobile home presumably caused by the tree occurred in 2009. Such would have easily been discoverable by having someone crawl under the mobile home at that time."). Therefore, the Court finds that the two-year suit limitation period was reasonable.

## 2

Secura Insurance argues that summary judgment on the breach of contract issue "necessitates summary judgment as to the remaining bad faith claims" because the claims are "derivative of, and contingent upon, Creative Packaging's breach of contract claim." [R. 21-2 at 21.] Creative Packing did not respond to this argument, arguably leading to the conclusion that Creative Packaging waived these claims. "When a plaintiff 'fails to address [a claim] in response to a motion for summary judgment,' the claim is deemed waived." *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 946 (6th Cir. 2020) (quoting *Alexander v. Carter for Byrd*, 733 F. App'x 256, 261 (6th Cir. 2018)). However, because the Court specifically bifurcated the breach of contract issue from the bad faith claims and instructed the parties to file cross-motions for summary judgment "on the sole issue of the limitations provision," Creative Packaging's failure to respond to Secura Insurance's brief argument as to the other claims did not constitute waiver. [R. 18 at 1.]

Judgment on the breach of contract claim may ultimately result in judgment for Secura Insurance on the remaining claims as well. *See Smith*, 403 F.3d 401, 407 (6th Cir. 2005). However, Creative Packaging should be provided the opportunity "to develop a case" as to the remaining claims, particularly given that discovery on those claims was stayed. *Myers v. AgriLogic Ins. Servs, LLC*, 694 F. App'x 373, 379 (6th Cir. 2017); *see also Howard*, 480 F.

9

Supp. 3d at 771–72; *Barjuca*, 2013 WL 6631999, at *9.  This is particularly true because "[a] finding that the claim is now time barred does not preclude" a party from bringing a bad faith claim.  *Tennant v. Allstate Ins. Co.*, 2006 WL 319046, at *7–8 (E.D. Ky. Feb. 10, 2006); *see also Lackey v. Prop. and Cas. Ins. Co. of Hartford*, 2017 WL 4685235, at *6 n.2 (W.D. Ky. Oct. 18, 2017).  Accordingly, the Court will deny Secura Insurance's request for summary judgment as to the remaining claims.

**III**

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff Creative Packaging Company's Motion for Partial Summary Judgment **[R. 20]** is **DENIED**;

2. Defendant Secura Insurance's Motion for Summary Judgment **[R. 21]** is **GRANTED** as to the breach of contract claim and **DENIED** as to the remaining claims;

3. Defendant Secura Insurance's Motion to Strike **[R. 27]** is **DENIED**;

4. The stay on all discovery of Plaintiffs' bad faith, Unfair Claims Settlement Practices Act, KRS 304.12-235 and Consumer Protection Act claims is **LIFTED**; and

5. Within **thirty (30) days** of the entry of this order, the parties **SHALL FILE** a joint notice with the Court outlining a proposed discovery schedule for the remaining claims.  If the parties are unable to agree on a discovery schedule for the remaining claims, the parties may request a Scheduling Conference with the Court to address any areas of disagreement.

This the 12th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge